**Dated: March 01, 2019**
**The following is SO ORDERED:**

_____
Paulette J. Delk
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF TENNESSEE


In Re:                                                Chapter 13

REGINALD DIJUAN TIGUE & PATRICIA ANN TIGUE

Debtor(s)                                             Case No. 18-28836-D
```

Order Confirming Plan Combined With Related Orders

---

It appearing to the Court that the debtor(s) has (or have) filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor(s) pay into the plan as follows:

    Debtor One Employer   FEDERAL EXPRESS CORPORATION        $618.00 WEEKLY
    Debtor Two Employer   MEMPHIS CHILDRENS CLINIC           $600.00 EVERY TWO WEEKS

   If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Furthermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §1334(e) and 157(a). In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3. All property shall remain property of the chapter 13 estate under 11 U.S.C. §541(a) and 1306(a) and shall revest in the Debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $2,400.00.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the bar date for the filing of claims; separate order to be entered thereon.

6. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

7. The balances of any student loans shall survive discharge if the plan indicates same.

CC: George W. Stevenson

EARNEST FIVEASH ATTY
2600 POPLAR AVENUE
SUITE 214
MEMPHIS, TN  38112

/s/ George W. Stevenson
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re:     REGINALD DIJUAN TIGUE                                          Case No.18-28836-D
           PATRICIA ANN TIGUE
Debtor(s).                                                                Chapter 13

## CHAPTER 13 PLAN

ADDRESS:    4468 WESTBURY DR                      4468 WESTBURY DR
            MEMPHIS, TN 38141-0000                MEMPHIS, TN 38141-0000

PLAN PAYMENT:

Debtor 1    FEDERAL EXPRESS CORPORATION           Payroll        $618.00   WEEKLY
            30 FED EX PARKWAY 2ND FLOOR HORIZONTAL
            COLLIERVILLE, TN 38017

Debtor 2    MEMPHIS CHILDRENS CLINIC              Payroll        $600.00   EVERY TWO WEEKS
            1129 HALE RD.
            MEMPHIS, TN 38116

1. THIS PLAN  [3015.1 Notice]:

   (A) CONTAINS NOT STANDARD PROVISION(S). (See Plan Provision #19)                 NO
   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF                 YES
       THE COLLATERAL FOR THE CLAIM. (See Plan Provisions #7, #8)
   (C) AVOIDS A SECURITY INTEREST OR LIEN. (See Plan Provision 12)                  NO

2. ADMINISTRATIVE EXPENSES: PAY FILING FEE AND DEBTOR(S)' ATTORNEY FEE PURSUANT TO CONFIRMATION ORDER.

3. AUTO INSURANCE: Included in Plan; Debtor(s) to provide proof of insurance at 341 meeting.
   2010 MAZDA 6                                                                     $73.00
   2014 DODGE RAM                                                                  $437.00
   2002 CHEVROLET CARGO VAN                                                         $49.00
   2010 CHEVROLET CAMARO                                                            $83.00

|   | | Sch/Clm | Value | Interest | Mthly Pymt |
|---|---|---|---|---|---|
| 4. | DOMESTIC SUPPORT: | | | | |
| 5. | PRIORITY CLAIMS: | | | | |
|    | TN DEPARTMENT OF REVENUE | 1,365.48 | | 0.00% | $23.00 |
|    | [Transferred From General Unsecured To Priority] | | | | |
| 6. | HOME MORTGAGE CLAIMS: | | | | |
|    | FCI LENDER SERVICES INC | Feb 01, 2019 | | 0.00% | $583.74 |
|    |  | 6,742.23 | | 0.00% | $112.00 |
| 7. | SECURED CLAIMS [Retain lien 11 U.S.C. 1325 (a)(5)]: | | | | |
|    | CITY OF MEMPHIS | 16,796.60 | $0.00 | 18.00% | $430.00 |
|    | SHELBY COUNTY TRUSTEE | 21,614.98 | $0.00 | 18.00% | $560.00 |

8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITH ONE YEAR OF FILING:

    | Creditor | | | | |
    |---|---|---|---|---|
    | GLOBAL LENDING SERVICES | 16,856.38 | $16,856.38 | 7.00% | $438.00 |
    | PERITUS PORTFOLIO SERVICES II/WOLLEMI | 17,800.00 | $17,800.00 | 7.00% | $390.00 |
    | PERSONAL FINANCE COMPANY | 2,548.78 | $2,548.78 | 7.00% | $51.00 |
    | RAC ASSET HOLDINGS LLC DBA AMERICAN F | 3,697.30 | $3,697.30 | 7.00% | $175.00 |

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:

10. SPECIAL CLASS UNSECURED CLAIMS:

    | | | | |
    |---|---|---|---|
    | CITY COURT CLERK | 246.00 | 0.00% | $5.00 |

    [Transferred From General Unsecured To Class I Unsecured]

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

    | | |
    |---|---|
    | 24 HOUR BONDING CO OF MEMPHIS | $1,792.27 |
    | TN DEPT OF LABOR-U I RECOVERY UNIT | $9,251.11 |
    | TMOBILE/TMOBILE USA INC | $245.21 |
    | [Add] | |
    | RESURGENT CAPITAL SERVICES | $91.25 |
    | [Add] | |
    | RESURGENT CAPITAL SERVICES | $824.36 |
    | [Add] | |
    | BANK OF AMERICA NA | $530.25 |
    | [Add] | |
    | TN DEPT OF LABOR-U I RECOVERY UNIT | $16,283.28 |
    | [Add] | |
    | DIRECTV LLC | $812.28 |
    | [Add] | |
    | RESURGENT CAPITAL SERVICES | $1,411.30 |
    | [Add] | |
    | TN DEPARTMENT OF REVENUE | $415.76 |
    | [Add] | |
    | BAPTIST MEDICAL GROUP BANKRUPTCY | $50.83 |
    | [Add] | |
    | BAPTIST MEDICAL GROUP BANKRUPTCY | $159.45 |
    | [Add] | |
    | BAPTIST MEDICAL GROUP BANKRUPTCY | $28.39 |
    | [Add] | |
    | BAPTIST MEDICAL GROUP BANKRUPTCY | $75.09 |
    | [Add] | |
    | PERITUS PORTFOLIO SERVICES II/WOLL | $21,085.64 |
    | GLOBAL LENDING SERVICES | $83.52 |

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: 2,393.00

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS: THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:

17. COMPLETION: PLAN SHALL BE COMPLETED UPON PAYMENT OF THE ABOVE, APPROXIMATELY  60 MONTHS.
18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.
19. NON-STANDARD PROVISION(S):

    ANY NON STANDARD PROVISION STATED ELSEWHERE IS VOID
20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.